RECEIVED
MAY 10 2011
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARLIN DALE PLAYER, ET AL.

versus

KANSAS CITY SOUTHERN
RAILWAY CO.

CIVIL ACTION NO. 06-1980
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendant, Kansas City Southern Railway Co. ("KCS"). See Record Document 45. Based on the following, the motion for summary judgment is **GRANTED**.

### I. BACKGROUND

On October 26, 2006, plaintiffs Marlin Dale Player and Larry Diggs ("Diggs") filed suit in this court alleging various acts of racial discrimination against KCS. On July 17, 2007, counsel for the plaintiffs filed an amended complaint adding three additional plaintiffs, one of whom was Lawrence Martin ("Martin").

Thereafter, on January 30, 2008, Martin filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Louisiana. On July 27, 2009, Diggs filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy

Court for the Western District of Louisiana. In their bankruptcy proceedings, Diggs and Martin were each required twice to list, under oath, any pending lawsuits, on Schedule B and the Statement of Financial Affairs. See Record Document 45, Exs. A and C. Neither Diggs nor Martin included the instant lawsuit against KCS in any of his bankruptcy filings. Diggs and Martin declared under penalty of perjury that each had read his bankruptcy schedules and that the documents were true and correct to the best of his knowledge. Each also attested to the completeness and accuracy of the schedules and statements of financial affairs. See id. On his Statement of Financial Affairs, Diggs disclosed two other lawsuits but neglected to list his pending lawsuit against KCS. Martin also disclosed one other lawsuit on his Statement of Financial Affairs but neglected to include his pending lawsuit against KCS. See id.

On September 9, 2009, pursuant to 11 U.S.C. § 341, Diggs appeared in bankruptcy court and the trustee placed him under oath and orally examined him regarding the particulars of his bankruptcy case. See Record Document 45, Ex. B. During the hearing, Diggs confirmed that he had read all of the documents related to his bankruptcy case, that each was true and correct, and that he had disclosed all assets to the bankruptcy court. Diggs was asked by the trustee, "Are you involved in any lawsuits where you are suing anyone?" Id., Ex. B at 2. Diggs responded, "No."

2

Id. Diggs was then asked, "Do you have any claims for injuries or damages pending anywhere?" Again, Diggs responded, "No." Id.

On March 3, 2008, Martin appeared in bankruptcy court and the trustee placed him under oath and orally examined him regarding the particulars of his bankruptcy case. See Record Document 45, Ex. D. During the hearing, Martin confirmed that he had read all of the documents related to his bankruptcy case, that each was true and correct, and that he had disclosed all assets to the bankruptcy court. Martin was asked by the trustee, "Are you involved in any lawsuits where you are suing anyone?" Id., Ex. D at 1. Martin responded, "No." Martin was then asked, "Do you have any claims for injuries or damages pending anywhere?" Id., Ex. D at 2. Again, Martin responded, "No." Id.

Thereafter, KCS filed the instant motion for summary judgment, seeking dismissal of all of the claims alleged by Diggs and Martin. KCS contends that Diggs and Martin should be judicially estopped from asserting their claims against it, because they did not disclose their potential claims in the bankruptcy proceedings.

## II. LAW AND ANALYSIS

A. **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant

3

is entitled to judgment as a matter of law."[1] <u>Quality Infusion Care, Inc. v. Health Care Serv. Corp.</u>, 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Patrick v. Ridge</u>, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." <u>Gen. Universal Sys., Inc. v. Lee</u>, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See <u>Boudreaux v. Swift Transp. Co.</u>, 402 F.3d 536, 540 (5th Cir. 2005).

**B.    Judicial Estoppel.**

"Judicial estoppel is 'a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position.'" <u>In re Coastal Plains, Inc.</u>, 179 F.3d 197, 205 (5th Cir. 1999)

---

[1] The court notes that the newly amended Rule 56 requires that there be "no genuine **dispute** as to any material fact," but this change does not alter the court's analysis. Fed. R. Civ. P. 56(a) and advisory committee's note (emphasis added).

(quoting Brandon v. Interfist Corp., 858 F.2d 266, 268 (5th Cir. 1988)). "The purpose of the doctrine is 'to protect the integrity of the judicial process,' by 'preventing parties from playing fast and loose with the courts to suit the exigencies of self interest.'" Id. (quoting Brandon, 858 F.2d at 268). "Because the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion." New Hampshire v. Maine, 532 U.S. 742, 750, 121 S. Ct. 1808, 1815 (2001) (internal quotations and citations omitted). "A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005) (citing In re Coastal Plains, Inc., 179 F.3d at 206-07).

The claims of both Diggs and Martin are plainly inconsistent with their filings in their bankruptcy proceedings. In addition, both Diggs and Martin convinced the bankruptcy court that they had not acquired any potential claims. "[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims." In re Coastal Plains, Inc., 179 F.3d at 207-08 (citing 11 U.S.C. § 521). "Any claim with potential

5

must be disclosed, even if it is contingent, dependent, or conditional." Id. at 208 (quotations and citation omitted). On January 30, 2008, Martin filed a schedule of assets with the bankruptcy court and swore under oath and penalty of perjury that he had no pending lawsuits in which he was the plaintiff. See Record Document 45, Ex. C. On July 27, 2009, Diggs filed a schedule of assets with the bankruptcy court and swore under oath and penalty of perjury that he had no pending lawsuits in which he was the plaintiff. See id., Ex. A. The bankruptcy court relied on both of the plaintiffs' schedules of assets and their testimony when their Chapter 13 plans were confirmed. See Jethroe, 412 F.3d at 600 (A bankruptcy court confirms a debtor's "plan at least in part based on its assessment of [the debtor's] assets and liabilities."). Because both of the plaintiffs failed to disclose their potential claims against KCS to the bankruptcy court, the first and second prongs of the judicial estoppel test are satisfied.

The third prong of judicial estoppel is that "the party did not act inadvertently." Jethroe, 412 F.3d at 600 (citing In re Coastal Plains, 179 F.3d at 206-07). To prove that a failure to disclose was inadvertent under the third prong of the judicial estoppel test, a party may demonstrate either that he did not know of the inconsistent position or that he had no motive to conceal it from the court. See In re Coastal Plains, Inc., 179 F.3d at 210.

6

The plaintiffs contend that they failed to disclose their causes of action inadvertently because they were "confused and did not understand their duty of disclosure included unresolved lawsuits." Record Document 49 at 5. The plaintiffs further assert that "[n]either had motive to conceal their legal claims, neither knew (or knows) the monetary value of his racial discrimination claims against KCS[], and neither fully understood his duty to disclose all legal claims including those pending with only potential value as an asset." Id. at 6. The plaintiffs argue that they "lacked the requisite deceitful motive." Id. at 4.

The plaintiffs' proposed rule of "deceitful motive" is not the standard used by the Fifth Circuit. According to the Fifth Circuit, a failure to disclose is inadvertent "only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." In re Coastal Plains, 179 F.3d at 210. In order for a debtor to lack knowledge of an undisclosed claim, the debtor must have been unaware of the facts giving rise to his claim when he represented that he had no potential claim to the bankruptcy court. See Jethroe, 412 F.3d at 600. Merely demonstrating that he was unaware of the legal duty to disclose is not enough. See id. Notably, neither Martin nor Diggs dispute that he was aware of his claims against KCS when the lawsuit was omitted from the bankruptcy filings. In fact, in their opposition, Martin and Diggs admit that they both knew that they were involved in

7

a lawsuit against KCS. See Record Document 49 at 4 ("Yes, both men knew they were involved with a lawsuit against KCS[]...."). In addition, as mentioned, at the creditor meetings required by section 341 of the Bankruptcy Code, the plaintiffs were placed under oath and asked simple, straightforward questions by the trustee, which could not possibly have been misinterpreted.

Additionally, the plaintiffs had motive to conceal this litigation. If they recovered on their claims, they would not have been required to give any potential monetary award to their creditors. "Indeed, a motive to conceal legal claims subsists in all bankruptcy cases in which a concealed legal claim would, if disclosed, form part of the bankruptcy estate and the debtor is aware of the claim's monetary value." Cargo v. Kan. City S. Ry. Co., 408 B.R. 631, 639 (W.D. La. 2009).[2] Because this court concludes that the parties did not act inadvertently, the third prong of the judicial estoppel test is satisfied.

Both Martin and Diggs contend that their claims against KCS should not be judicially estopped, because they are in the process of amending their bankruptcy proceedings to include their lawsuits against KCS. See Record Document 49. Diggs filed suit against KCS in October of 2006. He filed for bankruptcy in July of 2009.

---

[2]The plaintiffs contend that for judicial estoppel to apply, KCS must establish that they knew the monetary value of their claims. However, the Fifth Circuit has never required such a showing and that argument takes the statement by the Cargo court out of context.

8

Martin was joined as a plaintiff in the suit against KCS in July of 2007. Less than eight months later, in January of 2008, Martin filed for bankruptcy. There is no assertion that at any time after the filing of either bankruptcy proceeding that either plaintiff attempted to rectify the omissions. Only when the instant motion was filed by KCS did either plaintiff then attempt to amend his bankruptcy filings. "Allowing [the debtor] to back up, reopen the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if he is caught concealing them." Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir. 2002) (cited with approval in In re Superior Crewboats, Inc., 374 F.3d 330, 336 (5th Cir. 2004)). "The court system will not encourage debtors to take a chance and not disclose assets knowing that if they are caught the bankruptcy can be reopened. The judicial system should not be abused in this manner." Loyd v. Harrah's Shreveport/Bossier City Holding Co. L.L.C., No. 03-757, 2005 WL 3113028 at *2 (W.D. La. Nov. 21, 2005). As the Fifth Circuit stated in Jethroe, and as is the case here, "[j]udicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on the undisclosed asset." Jethroe, 412 F.3d at 600.

## III. CONCLUSION

Based on the foregoing, Diggs and Martin are judicially estopped from pursuing the claims they have alleged against KCS in the instant lawsuit. The motion for summary judgment filed by KCS (Record Document 45) is **GRANTED**. All claims by plaintiffs Diggs and Martin are **DISMISSED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 10th day of May, 2011.

_____
JUDGE TOM STAGG